1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory J. MARTIN, Defendant-Appellant.
 No. 92-4157.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1993.
 
 Before EBEL, Circuit Judge, GODBOLD, Senior Circuit Judge,* and KELLY, Circuit Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The defendant-appellant, Gregory J. Martin, was indicted on May 22, 1991, under 47 U.S.C. Sec. 605(e)(4) and 18 U.S.C. Sec. 2512(1)(b), for the manufacture, possession, and sale of a cloned satellite television descrambling device, which enables television viewers to receive premium channel broadcasts without paying the required subscription fee. Based on stipulated facts, Martin filed a motion to dismiss the counts in the indictment based on Sec. 2512(1)(b), on the grounds that his conduct did not violate that statute and that the statute was void for vagueness as applied to him. Accepting the magistrate's recommendation, the district court entered an order denying the motion to dismiss.
 
 
 2
 On May 26, 1992, Martin entered a conditional plea of guilty under Federal Rule of Criminal Procedure 11(a)(2) to Count 15 of the indictment, which alleged a violation of Sec. 2512(1)(b).[1] Martin now appeals, contending that the district court erred in refusing to find that Sec. 2512(1)(b) is void for vagueness as applied to his conduct of modifying the satellite descrambler devices.[2] We affirm.
 
 Section 2512(1)(b) punishes any person
 
 3
 who intentionally ... manufactures, assembles, possesses, or sells any electronic ... device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications....
 
 
 4
 Martin committed the alleged offense in January 1990, before we first addressed in United States v. McNutt, 908 F.2d 561 (10th Cir.1990), cert. denied, 498 U.S. 1084 (1991), and United States v. Splawn, 982 F.2d 414 (10th Cir.1992), cert. denied, 113 S.Ct. 2365 (1993), whether the cloning of a satellite television descrambler violates Sec. 2512(1)(b). He therefore contends that he could not have known that his conduct was proscribed by Sec. 2512(1)(b). In particular, he contends that he could not have known that the "design" of the modified descramblers would be considered "primarily useful" for surreptitious interception of satellite signals, since the modified descramblers continued to receive the unencrypted non-premium channels that were legitimately received by the descrambler prior to modification.[3] We disagree.
 
 
 5
 We review de novo whether a statute is unconstitutionally vague as applied. United States v. Protex Indus., 874 F.2d 740, 743 (10th Cir.1989). "Whether a court is analyzing a statute as void for vagueness on its face or as applied, the essence of the doctrine is that a potential defendant must have some notice or 'fair warning' that the conduct contemplated is forbidden by the criminal law. Id. (quoting Bouie v. City of Columbia, 378 U.S. 347, 352 (1964)). We believe that the language of Sec. 2512(1)(b) was sufficiently clear to put Martin on notice that his conduct was prohibited.
 
 
 6
 As we have previously held, the language of Sec. 2512(1)(b) plainly proscribes the cloning of satellite television descrambler devices. See Splawn, 982 F.2d at 417 (holding that "cloned satellite television descramblers ... are designed in such a manner so as to make them primarily useful for surreptitious interception of electronic communications and are therefore prohibited under the plain language of Sec. 2512(1)(b)"); id. at 418 ("As stated above, we believe that the devices at issue [cloned satellite descrambler devices] clearly fit within Sec. 2512(1)(b)'s prohibition...."); McNutt, 908 F.2d at 564-65 (holding that the plain language of Sec. 2510(12), which defines "electronic communication" as used in Sec. 2512(1)(b), clearly encompasses satellite television signals and that the interception of such signals via cloned descramblers is a surreptitious interception proscribed under the "plain wording of the statute"). As we explained in Splawn, the fact that the modified descrambler receives unencrypted, legitimately obtained satellite programming does not mean that the design of the modified device is not primarily useful for surreptitious interception. Splawn, 982 F.2d at 417. The sole purpose of the modified design of the computer chip, which is inserted into the descrambler to receive the encrypted programming, is to permit the surreptitious interception of satellite television transmissions. Id. (citing United States v. Davis, 978 F.2d 415, 419-20 (8th Cir.1992) (en banc)). Any ambiguity in the legislative history of Sec. 2512 as to whether the provision covers television signal interception does not change the fact that the statute on its face clearly and unambiguously covers the cloning of satellite television descramblers. Cf. Splawn, 982 F.2d at 418 (noting that we need not resort to legislative history when a statute is clear and unambiguous, and that, at any rate, the legislative history of Sec. 2512 does not compel the conclusion that the provision was not intended to cover the cloning of satellite television descramblers).
 
 
 7
 Although Martin correctly points out that he committed the offense before either McNutt or Splawn was decided, those cases have held that the statutory language plainly covered the manufacture and sale of cloned descramblers, and the statutory language was obviously in effect at the time of Martin's prohibited conduct. Where, as here, the language of the statute plainly covers the defendant's actions, the statute need not have been previously held applicable on the same facts to survive a vagueness attack. See Rose v. Locke, 423 U.S. 48, 51 (1975) (per curiam). We therefore AFFIRM the district court's decision that Sec. 2512(b)(1) was not unconstitutionally vague as applied to Martin.[4]
 
 
 
 *
 John C. Godbold, Senior Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The other counts of the indictment were apparently dismissed pursuant to the plea agreement
 
 
 [2]
 Although Martin originally contended in his opening brief that Sec. 2512(1)(b) does not proscribe the modification of television descramblers, he recognized in his reply brief and at oral argument that this contention is foreclosed by our recent en banc decision in United States v. Splawn, 982 F.2d 414 (10th Cir.1992), cert. denied, 113 S.Ct. 2365 (1993). In Splawn, we held that a cloned satellite television descrambling device falls within Sec. 2512(1)(b)'s prohibition of surreptitious interception devices. Id. at 417
 
 
 [3]
 Martin states without citation to the record that legitimately received channels account for ninety percent of signals transmitted, leaving only ten percent that are actually surreptitiously intercepted. Reply Br. 2. He appears to have obtained the figure from United States v. Herring, 933 F.2d 932, 934 (11th Cir.1991), rev'd on reh'g, 993 F.2d 784 (1993)
 
 
 [4]
 The Supreme Court has noted that in assessing a vagueness challenge, "no more than a reasonable degree of certainty" about the scope of a statute is required, "[n]or is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." Boyce Motor Lines v. United States, 342 U.S. 337, 340 (1952)